IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF HAWAII

MARIE MINICHINO, and as              )    CIVIL NO. 11-00370 SOM/RLP
Trustee of Gaetano Trust,            )
                                     )
              Plaintiff,             )    ORDER DISMISSING SECOND
                                     )    AMENDED COMPLAINT
         vs.                         )
                                     )
WELLS FARGO BANK, N.A., ALL          )
AGENTS & OFFICERS, Public and        )
Private Capacities; MANANA           )
and DAVID SUTIDZE; WILLIAM           )
and JOANN CATERINA; SHAKA            )
PIZZA; COLDWELL BANKER,              )
PREVIEWS INT.; SHORE TO SHORE        )
REALTY, AND INC.; AKA TAGORA,        )
AKA MARTINEZ; AL IMAMURA,            )
President and Principal              )
Broker, Shore to Shore               )
Realty; ROBERT CELLA, Broker;        )
FIRST AMERICAN TITLE, ISLAND;        )
YVIENNE PETTERSON; WINDEMERE         )
REAL ESTATE CO.; FIRST               )
AMERICAN TITLE; YURIKO               )
SUGAMURA; BENDET, FIDELL,            )
SAKAI, LEE Law Corporation;          )
DOES 1-50, in Their Official         )
Capacities and Private               )
Capacities; and Any and All          )
Unknown Entities, all Jointly        )
and Severally,                       )
                                     )
              Defendants.            )
_____)

              **ORDER DISMISSING SECOND AMENDED COMPLAINT**

**I.       INTRODUCTION.**

         On June 10, 2011, Plaintiff Marie Minichino, proceeding

pro se, filed what she called a "Verified Criminal Complaint."

See ECF No. 1.  On June 15, 2011, Minichino filed an Application

to Proceed Without Prepayment of Fees.  See ECF No. 5.

On June 20, 2011, the court issued an "Order Dismissing Case; Order Denying as Moot Application to Proceed In Forma Pauperis." See ECF No. 6. The court dismissed the "Verified Criminal Complaint" because Minichino had no private right to proceed with what were criminal claims of mail and wire fraud. Id. The other causes of action asserted in the "Verified Criminal Complaint" appeared to arise under state law, and the court declined to exercise supplemental jurisdiction over those claims. Minichino was given leave to file an Amended Complaint no later than July 20, 2011. Id.

On July 20, 2011, Minchino filed an "Amended & Verified Complaint for Damage." See ECF No. 7. On July 21, 2011, Minichino filed another "Amended & Verified Complaint for Damage." See ECF No. 8. On August 3, 2011, Minichino filed another Application to Proceed Without Prepayment of Fees. See ECF No. 10.

On August 5, 2011, the Court ordered Minichino to inform the court which document was to serve as her Amended Complaint. See ECF No. 13.

On August 15, 2011, Minichino filed another document titled "Amended Verified Criminal Complaint." See ECF No. 15.

On August 18, 2011, the court deemed the filing of August 15, 2012, to be Minichino's Amended Complaint. See ECF No. 16. The court then dismissed the Amended Complaint, again

ruling that Minichino had no private right to bring criminal claims of wire and bank fraud. Id. The court declined to exercise supplemental jurisdiction over the state law claims asserted in the Amended Complaint. Id. The court gave Minichino leave to file a Second Amended Complaint no later than September 19, 2011. Id. The court warned Minichino that, "if she files a Second Amended Complaint that similarly fails to allege an adequate basis for this court's jurisdiction, this action may be subject to dismissal with prejudice." Id. at 2.

On September 15, 2011, Minichino filed a "Second Amended & Verified Complaint for Damage." See ECF No. 20. This document is almost identical to the complaints Minichino filed in July 2011. That same day, Minichino filed another Application to Proceed Without Prepayment of Fees. See ECF No. 19. That Application was denied because Minichino had an annual income of $30,000. See ECF No. 22.

On October 3, 2011, Minichino paid the applicable filing fee. See ECF No. 28.

On June 8, 2012, Defendant Manana Sutidze filed a motion to dismiss the "Second Amended & Verified Complaint for Damage." See ECF No. 64. Minichino opposed this motion in a filing on July 19, 2012. See ECF No. 66. A Reply memorandum was filed on July 23, 2012. See ECF No. 68.

Minichino's "Second Amended & Verified Complaint" asserts federal question jurisdiction. However, Minichino alleges no facts supporting a federal claim. Accordingly, the court dismisses the federal claims and declines to exercise supplemental jurisdiction over any state law claims.

The court denies without prejudice Sutidze's request for attorney's fees and costs on the present record.

## II.    BACKGROUND.

Minichino's "Second Amended & Verified Complaint" is largely incomprehensible. The court gleans the following from it.

Minichino alleges that she used to live at a Luakaha Circle address and then at a Lanihou Place address. See "Second Amended & Verified Complaint" ¶ 8. Minichino alleges that, in March 2009, Manana and David Sutidze fraudulently transferred these properties from the "Gaetano Trust" to Manana Sutidze. Id. ¶ 23. It appears that Minichino is claiming to have been a trustee of the "Gaetano Trust." See id. ¶ 26. Minichino names as Defendants Yvienne Petterson and Coldwell Banker Realty; they apparently listed the property for sale. Minichino additionally sues First American Title, an escrow company. See id. ¶ 27.

Minichino then alleges that Wells Fargo Bank filed an improper foreclosure action. See id. ¶ 28. It appears that Minichino may have received a $677,000 loan from Wells Fargo.

See id. ¶ 36. Minichino alleges that an attorney, Yuriko Sugimura, committed fraud on the state court when she sought to evict Minichino on behalf of her client, an unknown Defendant. See id. ¶ 31. Minichino says that the fraudulent court documents caused her to lose her property "under a color of law." Id. ¶ 32. In other words, for purposes of 42 U.S.C. §§ 1983 and 1986, Minichino is saying that Defendants acted "under color of law" because they used state and federal laws in a court action. See id. ¶¶ 72-73, 92.

Minichino alleges that Wells Fargo did not properly disclose the loan costs, but does not allege facts supporting her allegation that the disclosure she received "was a blatant misrepresentation, and intentional lie, and a violation of the Federal Truth in Lending Act." Id. ¶ 46(d).

Minichino alleges that an unidentified "debt collector" violated the Fair Debt Collection Practices Act by failing to validate a debt. Id. ¶ 114.

Minichino alleges that "many more crimes have been committed including numerous RICO predicate acts which Plaintiff at this time has not enough resources to battle and leaves these unlawful actions and the other unlawful actions to the authorities." Id. ¶ 120.

It is unclear why other Defendants have been named, as no factual allegations pertain to them.

The court takes judicial notice of state court litigation between Minichino and Sutidze that has resulted in a settlement agreement that was recently enforced against Minichino. See ECF No. 69-1 (copy of July 31, 2012, state-court Order Granting Plaintiff's Motion to Confirm and Enforce Settlement Agreement).

**III.    STANDARD.**

In relevant part, Sutidze seeks dismissal of the "Second Amended & Verified Complaint" pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which states: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted."

Under Rule 12(b)(6), review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. See Keams v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). However, courts may "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of

judicial notice--without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Documents whose contents are alleged in a complaint and whose authenticity are not questioned by any party may also be considered in ruling on a Rule 12(b)(6) motion to dismiss. See Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994), overruled on other grounds by Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. Sprewell, 266 F.3d at 988; Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996). Additionally, the court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell, 266 F.3d at 988.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v.

Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)). A motion to dismiss may also be granted if an affirmative defense or other bar to relief is apparent from the face of the complaint, such as a statute of limitations. Imbler v. Pachtman, 424 U.S. 409 (1976).

**IV.     MINICHINO ALLEGES NO CLAIM OVER WHICH THIS COURT HAS ORIGINAL JURISDICTION.**

Minichino alleges only federal question jurisdiction. See "Second Amended & Verified Complaint" ¶ 1 ("Jurisdiction is founded upon the existence of a Federal Question."). But Minichino does not allege facts supporting any federal claim.

**A.    No Viable Claim is Alleged Under 42 U.S.C. §§ 1983.**

Minichino's "Second Amended & Verified Complaint" mentions violations of 42 U.S.C. §§ 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity . . . .

"Section 1983 imposes two essential proof requirements upon a claimant: 1) that a person acting under color of state law committed the conduct at issue, and 2) that the conduct deprived

the claimant of some right, privilege or immunity protected by the Constitution or laws of the United States." Leer v. Murphy, 844 F.2d 628, 632-33 (9th Cir. 1988).

Minichino alleges that Defendants filed court documents that caused her to lose her property "under a color of law." Id. ¶ 32. In other words, Minichino alleges that Defendants acted "under color of law" because they used state and federal laws in a court action. See id. ¶¶ 72-73, 92. These conclusory allegations are insufficient, as "private parties are not generally acting under color of state law, and . . . '[c]onclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act.'" Price v. Hawaii, 939 F.2d 702, 708 (9th Cir. 1991) (quoting Jones v. Comm. Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984)).

A person acts under color of law for § 1983 purposes when he or she exercises power "'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). Although § 1983 generally applies to government officials and employees, a private actor may act under "color of law" in certain circumstances. For example, a private individual may become a state actor for purposes of § 1983 by conspiring with

9

state officials, by engaging in joint activity with state officials, and/or by becoming so closely related to the state that the person's actions can be said to be those of the state itself. Price, 939 F.3d at 708.

Minicino's conclusory allegations do not show such state entanglement. At most, Minichino alleges that Yuriko Sugimura, an attorney in private practice, acted under color of law by filing court documents and allegedly lying on multiple occasions. See "Second Amended & Verified Complaint" ¶¶ 31-32. Those assertions are insufficient assertions of action under color of state law. See Simmons v. Sacramento County Sup. Court, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot sue Mirante's counsel under § 1983, because he is a lawyer in private practice who was not acting under color of state law. Plaintiff's conclusory allegations that the lawyer was conspiring with state officers to deprive him of due process are insufficient."). Accordingly, the § 1983 claim is dismissed.

> **B. No Viable Claim is Alleged Under 42 U.S.C. §§ 1986.**

Minichino also alleges a violation of 42 U.S.C. § 1986, which "imposes liability on every person who knows of an impending violation of section 1985 but neglects or refuses to prevent the violation." Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988). Thus, a violation of § 1986 depends upon the existence of a valid § 1985 claim.

Sanchez v. City of Santa Ana, 936 F.2d 1027, 1040 (9th Cir. 1991). Minichino does not allege how § 1985 was violated. Her "Second Amended & Verified Complaint" contains legal conclusions as to her claim of conspiracy, but no factual specificity supporting those conclusions. The "Second Amended & Verified Complaint" insufficiently alleges a § 1986 claim, see Karim-Panahi, 839 F.2d at 626, and the § 1986 claim is dismissed.

**C. No Viable Truth in Lending Act Claim is Alleged.**

Paragraph 46(d) of the "Second Amended & Verified Complaint" alleges that Wells Fargo failed to properly disclose the costs of the loan to Minichino. This claim is insufficient because it fails to put Wells Fargo on notice of what it may have done that violates the Truth in Lending Act ("TILA"). In other words, the "Second Amended & Verified Complaint" alleges no facts demonstrating that Wells Fargo made an improper disclosure. Instead, it merely states in conclusory fashion that TILA was violated by an insufficient disclosure without any description of which disclosure was deficient, or of what TILA provision was violated. Accordingly, the TILA claim is dismissed.

**D. No Viable RICO Claim is Alleged.**

The "Second Amended & Verified Complaint" claims that Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"). See, e.g., ¶ 72. Minichino, however, alleges no facts supporting such a claim. Instead, she

11

appears to suggest that unnamed government entities should enforce her rights. See ¶ 120. The mere mention of RICO does not suffice to state a viable RICO claim. Accordingly, the RICO claim is dismissed.

**E.  No Viable FDCPA Claim is Alleged.**

The "Second Amended & Verified Complaint" asserts that an unnamed Defendant violated the Fair Debt Collection Practices Act by failing to validate a debt. See ¶¶ 113-14. This conclusory allegation, without more, is insufficient to state a claim. Accordingly, the FDCPA claim is dismissed.

**F.  The Court Declines to Exercise Supplemental Jurisdiction Over Minichino's State-Law Claims.**

Having dismissed the claims conferring federal question jurisdiction--the only basis of federal jurisdiction asserted by Minichino, this court now considers whether it should exercise supplemental jurisdiction over her remaining state law claims. Supplemental jurisdiction, unlike federal question or diversity jurisdiction, is not mandatory. A court may decline to exercise supplemental jurisdiction over a state law claim if: (1) the claim raises a novel or complex issue of state law; (2) the state law claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there

are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367.

Supplemental jurisdiction is a doctrine of discretion, not of a plaintiff's right. City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 172 (1997); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). When, as here, "the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." Gibbs, 383 U.S. at 726. Although the Supreme Court has stated that such a dismissal is not "a mandatory rule to be applied inflexibly in all cases," it has also recognized that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Having dismissed the federal claims, the court declines to exercise supplemental jurisdiction over the remaining state-law claims.

### G. Minichino is Granted Leave to File a Motion Seeking Leave to File a "Third Amended Complaint."

Because Minichino has been granted leave to file multiple amended complaints, Minichino is not here granted leave to file another amended complaint. Instead, Minichino may file a

13

motion seeking leave to file a Third Amended Complaint.  She must attach to any such motion a copy of her proposed Third Amended Complaint.  The motion must be filed no later than August 24, 2012.  The court is therefore extending the Rule 16 Scheduling Order deadline for such motions, which currently states that all motions to amend pleadings shall be filed by July 27, 2012.  <u>See</u> ECF No. 57.

Any motion seeking leave to file a Third Amended Complaint may be decided on a nonhearing basis and the court, upon examination of any proposed Third Amended Complaint, might deny the motion without waiting for any opposition to be filed.  That is, if it is clear that any proposed Third Amended Complaint would be subject to dismissal, the court might deny any motion seeking leave to file a Third Amended Complaint without imposing on Defendants the burden and expense of having to oppose the motion.

The court stresses that a motion, not a Third Amended Complaint, is being allowed.  Minichino shall not file an actual Third Amended Complaint except as an attachment to a motion, unless she obtains a court order giving her leave to file a Third Amended Complaint.  If Minichino files a Third Amended Complaint without leave to do so, it will automatically be stricken.

In any proposed Third Amended Complaint, Minichino should state in simple language what each particular Defendant

allegedly did and what statute, law, or duty was supposedly breached. That is, Minichino should refrain from stating legal conclusions and should instead explain what each Defendant did and why each Defendant is liable for specific actions. Because the "Second Amended & Verified Complaint" is nearly incomprehensible, the court suggests that Minichino refrain from "cutting and pasting" from it.

If a claim was dismissed in this order, Minichino should consider whether it would be appropriate to reassert the identical claim and should consider whether any claim may be barred by an applicable statute of limitation. Minichino is reminded that, by presenting a proposed Third Amended Complaint to the court, she is certifying under Rule 11(b) of the Federal Rules of Civil Procedure that it is not being presented for an improper purpose and that the claims therein are not frivolous and will be supported by facts. If Minichino violates Rule 11 or otherwise proceeds in bad faith, she may be subject to sanctions.

Minichino should also refrain from attempting to appeal to this court or relitigate the state-court order enforcing the settlement agreement.

**H. The Court Denies Sutidze's Request for Sanctions.**

Sutidze requests attorney's fees and costs pursuant to Rule 11(c)(3) and the court's inherent powers. The court denies that request on the present record without prejudice.

Under Rule 11(b)(1), an attorney or unrepresented party certifies that its motion or any other paper is not "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. (11)(b)(1). The court may impose sanctions on its own initiative after first ordering an attorney or the party to "show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). Otherwise, a party must move for sanctions and adhere to the safe harbor provision (allowing the other party to withdraw or correct the challenged paper). Fed. R. Civ. P. 11(c)(1). When the court acts on its own initiative, monetary sanctions are limited to a penalty payable to the court. See 1993 Advisory Comm. Notes to Fed. R. Civ. P. 11 ("The revision provides that a monetary sanction imposed after a court-initiated show cause order be limited to a penalty payable to the court"). All Rule 11 sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

The court may also impose sanctions, including attorney's fees, under its inherent power. See Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991). Under the court's inherent power, the court may assess attorney's fees when "the losing party has acted in bad faith, vexatiously, wantonly, or for

16

oppressive reasons." <u>Alyeska Pipeline Serv. Co. v. Wilderness Society</u>, 421 U.S. 240, 258-59 (1975) (citation and quotation omitted). While the court's inherent power is broad in that it applies to "a whole range of litigation abuses," the court is required to find bad faith or "conduct tantamount to bad faith." <u>Fink v. Gomez</u>, 239 F.3d 989, 991, 994 (2001).

Sutidze's request for attorney's fees and costs is denied on the present record. This court has not issued an order to show cause such that Rule 11 sanctions are warranted. Nor is the court convinced on the present record that Minichino is proceeding in bad faith. The court is not here ruling that Minichino is proceeding in good faith, only that it is not clear from the current record and based on the current briefing that she is proceeding in bad faith. Sutidze may, of course, bring another motion for sanctions if it is warranted.

**V.      CONCLUSION.**

The court grants the motion to dismiss without a hearing pursuant to Local Rule 7.2(d). Minichino is given leave to file a motion seeking permission to file a Third Amended Complaint by August 24, 2012, as set forth above.

The court denies without prejudice Sutidze's request for sanctions.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 3, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Minichino v Wells Fargo Bank, N.A., et al., Civil No. 11-00370 SOM/RLP; ORDER DISMISSING SECOND AMENDED COMPLAINT